KLEIN, J.
Appellant, a resident of a nursing home, applied for nursing home Medicaid benefits under Florida’s institutionalized care benefits program. She did so through her husband whom she had appointed to be her attorney-in-fact in a properly executed power of attorney.
Under the Social Security Act, section 1924, as amended, 42 U.S.C.A. section 1396r-5(c)(3), and Florida Administrative Code Rule 65A-1.712, SSI Related Medicaid Resource Eligibility Criteria, an institutionalized person without resources can qualify for Medicaid benefits even if the person’s spouse has resources making the couple ineligible for Medicaid. In order to do so the institutionalized person must assign to the state any rights of support from the spouse, and the spouse must have refused to use his or her resources for the institutionalized person. The assignment of support form must be signed by the institutionalized person or the person’s representative.
In the present case, appellant’s spouse, pursuant to the power of attorney, signed the assignment of support right form. He also, individually, signed a notice that he was refusing to make his income or resources available to appellant for “any costs including but not limited to medical care and services.”
When appellant applied for Medicaid benefits the hearing officer denied her request, explaining:
The Florida Administrative Code allows for a representative to complete and sign an Assignment of Rights to Support form. And, certainly, the community spouse, as POA [power of attorney], is a representative for the institutionalized spouse. However, in this instance, the community spouse is not a valid representative because he has a vested interest in the outcome of the situation. Therefore, the Department was correct in not allowing the community spouse (the POA) to be the signatory, [bracketed material added.]
The hearing officer’s conclusion that appellant’s spouse was not a “valid representative because he has a vested interest” is unsupported by any statute, rule or precedent, which is probably the reason why the appellee has not filed a brief attempting to sustain the denial of benefits. Although it was certainly in the best interest of appellant’s spouse to take the action which he took, it was also in appellant’s best interest because it would enable appellant’s spouse to better take care of himself. If appellant had been competent to act on her own, or if she had given a power of attorney to someone other than her spouse, the decision to seek Medicaid benefits would have been, in current parlance, a “no brainer.” We therefore reverse.
GUNTHER and HAZOURI, JJ., concur.